65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin Antonio MARTINEZ-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70134.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Antonio Martinez-Garcia, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals (the "BIA") affirming an Immigration Judge's (the "IJ") denial of his requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 3
 Because the BIA conducted a de novo review of the record and clearly incorporated the IJ's decision, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). We review for abuse of discretion the denial of asylum, id., and for substantial evidence the decision denying the withholding of deportation, id. at 907. We review factual findings underlying the determination for substantial evidence and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 
 4
 To qualify for asylum, Martinez-Garcia must demonstrate that he has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1158, 1101(a)(42); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). To qualify for withholding of deportation, Martinez-Garcia must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. Sec. 1253(h); INS v. Stevic, 467 U.S. 407, 430 (1984); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 5
 Martinez-Garcia contends that the IJ's decision that he failed to establish past persecution or a well founded fear of persecution is not supported by substantial evidence. Martinez-Garcia claims past persecution and fear of future persecution because he was: (1) member of the Conservative Party of Nicaragua and was detained in October, 1988, on account of his party activities; (2) conscripted into the Sandinista Army; (3) captured and detained after leaving without permission; and (4) denied a passport. Martinez-Garcia also claims that security forces are still looking for him.
 
 
 6
 The IJ's finding that these incidents do not establish a well-founded fear of persecution is supported by substantial evidence. First, Martinez-Garcia's 1988 detention lasted only four or five hours and he was released unharmed. Cf. Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987). Second, sovereign nations have a right to require military service and punish individuals for avoidance of military service. Cf. Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991); De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990). Furthermore, the IJ noted that Martinez-Garcia: (1) remained in Nicaragua for over four years after leaving the army and was not harmed; (2) distributed political flyers for over four years in Nicaragua and was not harmed; and (3) had two siblings, a child, and a common-law wife residing in Nicaragua none of whom suffered any harm before or after Martinez-Garcia's departure. Cf. Castillo, 951 F.2d at 1122. Therefore, we conclude that the IJ did not abuse its discretion by denying Martinez-Garcia's application for asylum. See Kazlauskas, 46 F.3d at 905.
 
 
 7
 Because the standard for the withholding of deportation is higher than the standard for a grant of asylum and because Martinez-Garcia did not meet the lower standard for a grant of asylum, we affirm the IJ's denial of Martinez-Garcia's request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 8
 Martinez-Garcia also contends that the IJ took administrative notice of the change of government in Nicaragua without allowing Martinez-Garcia an opportunity to rebut the evidence. However, at his deportation hearing, Martinez-Garcia argued that his fear of persecution remained despite the election of Violeta Chamorro. Therefore, we conclude that there was no due process violation because Martinez-Garcia had an opportunity to introduce evidence before the IJ regarding the effect of the change of government in Nicaragua. See Kazlauskas, 46 F.3d at 906 n. 4; Acewicz, 984 F.2d at 1056.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3